IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RANDY JOEL McDONALD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-0023 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent.[1] | § | |

**REPORT AND RECOMMENDATION TO DISMISS PETITION
FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Petitioner has filed a Petition for a Writ of Habeas Corpus challenging two (2) prior convictions: (1) an August 25, 2006 conviction for unlawful possession of a firearm by a felon, out of the 320th Judicial District Court of Potter County, Texas, and the resultant 3-year sentence, *see State v. McDonald*, No. 53,770-D; and (2) a September 18, 2014 conviction for unlawful possession of a firearm by a felon, out of the 47th Judicial District Court of Potter County, Texas, and the resultant 5-year sentence, *see State v. McDonald*, No. 66,629-A.  Review of the Texas Court of Criminal Appeals online docket reflects petitioner has not filed any <u>state</u> habeas corpus challenges to either conviction or sentence.  Petitioner previously filed a federal habeas petition challenging his conviction in No. 66,629-A which was dismissed for failure to exhaust on November 18, 2014.  *See McDonald v. Stephens*, No. 2:14-CV-211.  Petitioner also previously filed a federal habeas petition challenging his conviction in No. 57,770-D which was

---

[1] Although petitioner is no longer confined in TDCJ-CID, the Court will name William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division, as petitioner's current custodian as petitioner is on conditional release to parole or mandatory supervised release.

dismissed December 8, 2015 for lack of subject matter jurisdiction and as time barred. *See McDonald v. Stephens*, No. 2-14-CV-214.

By this application for federal habeas corpus relief, petitioner appears to contend, as best the Court can determine, that his convictions in Cause Nos. 53,770-D and 66,629-A were unconstitutional because: (1) there was insufficient evidence to support the possession conviction because the firearm at issue was "in a box in [the] back of [the] truck"; (2) petitioner could not be found guilty of the charged offense because he is disabled; and (3) his conviction was the result of an illegal stop and illegal search and seizure because he was on a private road or private property, or was the result of an illegal arrest because he was not in the vehicle. Petitioner also references, in a separate section of the form, that he is "on parole (illegally)." To the extent, if any, this reference should be construed as a separate ground, the Court construes this claim to be that petitioner's status on parole is wrongful because his convictions in Cause Nos. 53,770-D and 66,629-A were unconstitutional. Since petitioner's claim of illegal parole status, if in fact he is asserting one, is based upon his assertion that his convictions are illegal, the Court's findings that his convictions are not subject to federal habeas attack also disposes of any complaints about parole.

Inquiry to TDCJ-CID reveals petitioner discharged his 3-year sentence in Cause No. 57,770-D on August 7, 2009, prior to the date he filed his first federal petition or this petition.

I.
CAUSE NO. 57,770-D

A. Challenge to Discharged Sentence And
"In Custody" Requirement

The purpose of a federal writ of habeas corpus is to provide relief to a petitioner by freeing him from custody imposed in violation of the Constitution or laws of the United States. Consequently, in order to pursue federal habeas corpus relief, a petitioner must show he is, in fact, "in custody." *See* 28 U.S.C. §§ 2241(c). Where a petitioner challenges his state custody, he must show he is in custody under

the judgment and sentence of a state court and that such custody is in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). <u>Specifically, the petitioner must be in custody pursuant to the conviction or sentence challenged in the federal habeas corpus petition.</u> *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). A habeas petitioner does not remain "in custody" after the sentence imposed for a conviction has fully expired. *Id.* at 491-92, 109 S.Ct. at 1925-26. Where a petitioner is not "in custody" under the challenged conviction, the district court lacks subject matter jurisdiction to consider the federal habeas petition. *Pleasant v. Texas*, 134 F.3d 1256, 1259 (5th Cir. 1998).

Petitioner has fully discharged the 3-year sentence assessed for his 2006 possession of a firearm by a felon conviction in Cause No. 57,770-D. Therefore, petitioner is no longer "in custody" pursuant to that conviction or sentence. Consequently, this Court lacks jurisdiction to entertain a federal habeas corpus challenge to petitioner's 2006 firearm possession conviction.

### B. <u>Statute of Limitations</u>

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's judgment of conviction in Cause No. 53,330-D was entered August 25, 2006. Petitioner did not file a direct appeal of his conviction. Therefore, petitioner's conviction became final on September 24, 2006, when his time to file an appeal of his conviction and sentence expired. Petitioner's federal habeas corpus petition was thus due on or before September 24, 2007, unless statutorily or equitably tolled. The deadline was not equitably tolled because petitioner did not file a state habeas corpus petition challenging his conviction. Petitioner has not argued, much less demonstrated, any bases for equitable tolling of the limitation period. Petitioner's federal habeas corpus petition was thus due on or before September 24, 2007. Petitioner's first federal petition was not filed until October 20, 2014. The instant federal habeas petition was not filed until February 11, 2016. Consequently, even if petitioner's 3-year sentence was not discharged, petitioner's instant federal habeas application challenging such conviction was filed beyond the 1-year time limit and is time barred.

## II.
## CAUSE NOS. 53,770-D AND 66,629-A

### A. Exhaustion of State Court Remedies

Federal statute provides:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) . . .
>
> (3) . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989). In order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In the State of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999). Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

Even if petitioner's 3-year sentence in Cause No. 53,770-D had not been discharged and his federal habeas application was timely filed, petitioner's claims would be unexhausted as petitioner has not presented any of his claims challenging this 2006 conviction and sentence to any state court, much less to the Texas Court of Criminal Appeals. Not only does the online docket information reflect petitioner did not pursue his state court remedies with regard to this 2006 conviction, petitioner's federal

habeas corpus petition itself does not demonstrate state remedies were exhausted with regard to this conviction.

Similarly, petitioner's claims challenging his conviction in Cause No. 66,629-A are unexhausted as petitioner has not presented any of his claims challenging this 2014 conviction and sentence to the Texas Court of Criminal Appeals. Not only does the online docket information reflect petitioner did not pursue his state court remedies with regard to this 2014 conviction, petitioner's federal habeas corpus petition itself does not reflect state remedies were exhausted with regard to this conviction.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner RANDY JOEL McDONALD be DISMISSED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   10th   day of March 2016.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).